IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ANDREW COTTRIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. CIV-13-135-W |
| ) | |
| JUSTIN JONES, Director, Oklahoma ) | |
| Department of Corrections, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has brought this action seeking a writ of mandamus. United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). It is recommended that the petition for writ of mandamus be dismissed for lack of subject matter jurisdiction.

## Background

Petitioner styled his application as a filing in Case No. CIV-03-125-W, alleging "that Defendant Justin Jones has failed to comply with [a] Court order filed February 8, 2006." Doc. 1, at 2 (Application). Nonetheless, the Court Clerk opened a new file with a new case number for the mandamus action. This was consistent with the fact that Petitioner sought permission to proceed *in forma pauperis*, requesting leave to "[c]ommence" this action for habeas corpus/civil rights relief . . . without prepayment of fees or costs." Doc. 2, at 1 (IFP Motion).

Petitioner then submitted a $350.00 civil filing fee on the following day.[1] Receipt, ECF No. 8. Thus, despite having referenced Case No. CIV-03-125-W on his mandamus application, it was Petitioner's clear intent to file a separate action.

In this action, Petitioner maintains "[m]andamus is the usual remedy to enforce a judgment of the Court" and "prays this Court will issue a writ of mandamus requiring the Defendant to comply with the previous Order of this Court in *Cottriel v. Jones,* CIV-03-125-W and for any damages or other relief to the Court may seem fit and proper." Doc. 1, at 7. In addition, Plaintiff seeks a temporary restraining order to prevent "Defendant from moving Plaintiff during the pendency of this action." Doc. 3 (Mot. For TRO).

## Analysis

Federal district courts have jurisdiction over "any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Consequently, a suit for federal mandamus relief must name a federal officer or employee as the subject of the request for relief. *Id.*; *see also Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 n.2 (10th Cir. 1989)

---

[1] Consequently, Petitioner did not allow the court sufficient time to screen the action for merit as it would have done prior to making a determination on Petitioner's IFP status.

("No relief against state officials or state agencies is afforded by § 1361.").

Petitioner has not alleged any duty owed to him by a federal official or agency. And, while this court broadly construes pleadings filed by *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519 (1972), it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court "will not . . . construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997). Rather than seeking to enforce the injunction in Case No. CIV-03-125-W by requesting such relief in that case, Petitioner erroneously elected to file a new case in which he sought a writ the court is not empowered to grant. Because this court is not authorized to issue a writ of mandamus against state officials or agencies, Petitioner's action seeking such writ should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

It is recommended that Petitioner's application for a writ of mandamus be dismissed upon filing for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and that pending motions in the action be deemed moot. Petitioner is advised of his right to object to this Report and Recommendation by the 6th day of March, 2013, in accordance with 28 U.S.C. § 636 and Fed. R.

Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 13th day of February, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE